IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

**HOLLY MICHELLE LANDRY,**

    **Petitioner,**

v.                                       **CIVIL ACTION NO. 3:13CV367**

**PHYLLIS A. BASKERVILLE,**

    **Respondent.**

**REPLY TO RESPONSE TO MOTION TO DISMISS**

The respondent, by counsel, states, in reply to the response to the motion to dismiss, the following:

1. The respondent has reviewed the petitioner's response and believes the motion to dismiss addresses most of the petitioner's arguments.

2. Petitioner's claim that the Fourth Circuit has found *Miller v. Alabama,* 132 S. Ct. 2455 (2012), to be retroactive, however, requires a response because it is not supported by the decisions to permit filing of successive petitions. Such determinations "do not suggest any view on the ultimate merits of [the petitioner's] claim." *In re Evans*, 449 Fed. Appx. 284, 284 (4th Cir. 2011). This is consistent with the statute's requirement of only a prima facie showing. 28 U.S.C. 2244(b)(3)(C). All

of the other federal circuits, which have considered this issue, have ruled similarly.

> As this court has previously noted, "'Prima facie' in this context means simply sufficient allegations of fact together with some documentation that would 'warrant a fuller exploration in the district court.'" *In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997). Such a "'prima facie showing' . . . is not a difficult standard to meet." *In re Lott*, 366 F.3d at 432.

*In re McDonald*, 514 F.3d 539, 544 (6th Cir. 2008) (citations omitted); *see also In re Holladay*, 331 F.3d 1169, 1173 (11th Cir. 2003) (same); *Bell v. United States*, 296 F.3d 127, 128 (2nd Cir. 2002) (same); *Thompson v. Calderon*, 151 F.3d 918, 925 (9th Cir. 1998) (adopting same proposition); *Rodriguez v. Superintendant*, 139 F.3d 270, 273 (1st Cir. 1998) (same), *overruled on other grounds by Bousley v. United States,* 523 U.S. 614, 622-23 (1998).

> Therefore, the "grant by a court of appeals to file a second or successive motion is, . . . it is important to note, tentative in the following sense: the district court must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion." [*Bennett*] at 470. The district court then is the second "gate" through which the petitioner must pass before the merits of his or her motion are heard.

*Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001); *see also Johnson v. United States*, 720 F.3d 720. 720-21 (8th Cir. 2013); *Goldblum v. Klem*, 510 F.3d 204, 219 (3rd Cir. 2007) (both adopting same position).

WHEREFORE, respondent prays that the petition for writ of habeas corpus be dismissed.

Respectfully submitted,

**PHYLLIS A. BASKERVILLE**

By:_____/s/_____

Eugene Murphy
Senior Assistant Attorney General
Virginia Bar No. 18380
Attorney for Respondent
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: (804) 786-2071
Fax: (804) 371-0151
Email: emurphy@oag.state.va.us

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 30, 2013, I electronically filed a true copy of the foregoing reply with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Richard F. Shordt, Esquire
Virginia State Bar #80928
Attorney for Holly Michelle Landry
Wilmer, Cutler, Pickering, Hale & Dorr, LLp
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000 (voice)
(202) 663-6363 (fax)
Email: richard.shordt@wilmerhale.com

By:_____/s/_____

Eugene Murphy
Senior Assistant Attorney General
Virginia Bar No. 18380
Attorney for Respondent
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: (804) 786-2071
Fax: (804) 371-0151
Email: emurphy@oag.state.va.us